1  Russell S. Thompson, IV (Cal. Bar No. 325944)
2  Thompson Consumer Law Group
   5235 E. Southern Ave., D106-618
3  Mesa, AZ 85206
   Telephone: (602) 388-8898
4  Facsimile: (866) 317-2674
5  rthompson@ThompsonConsumerLaw.com
   Attorneys for Plaintiff
6

7              UNITED STATES DISTRICT COURT
               EASTERN DISTRICT OF CALIFORNIA
8

9  Shawntel Stoutt, *on behalf of herself and*    Case No. 2:20-cv-01280-WBS-AC
   *all others similarly situation,*
10
                                                   **FIRST AMENDED CLASS ACTION**
11 Plaintiff,                                      **COMPLAINT AND TRIAL BY JURY**
                                                   **DEMAND[1]**
12         vs.

13
   Travis Credit Union,
14
15 Defendant.

16                    **NATURE OF ACTION**

17
       1.     Plaintiff Shawntel Stoutt ("Plaintiff") brings this proposed class action
18
19 against Defendant Travis Credit Union ("Defendant") pursuant to the Telephone

20 Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

21           **JURISDICTION, STANDING, AND VENUE**
22
       2.     This Court has jurisdiction pursuant to 47 U.S.C. § 227(b)(3) and 28 U.S.C.
23
24 § 1331.

25

26

27 _____

28 [1] Plaintiff files her first amended class action complaint with the written consent of
   Defendant, pursuant to Fed. R. Civ. P. 15(a)(2).

3.     "[A]llegations of nuisance and invasion of privacy in TCPA actions are sufficient to state a concrete injury under Article III." *Hewlett v. Consol. World Travel, Inc.*, 2016 WL 4466536, at \*2 (E.D. Cal. Aug. 23, 2016) ("The purpose and history of the TCPA thus suggest that Congress sought to curb the 'aggravation, nuisance, and invasion of privacy' that plaintiff alleges here, which resulted from defendant's alleged use of an ATDS to call plaintiff despite plaintiff's repeated requests for those autodialed calls to stop.").

4.     Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, where Plaintiff resides in this district, and where Defendant transacts business in this district.

## THE TELEPHONE CONSUMER PROTECTION ACT

5.     Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

6.     In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id.* (citing S. Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

7.     The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice

. . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

8.     The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages.  Damages are calculated by the greater of actual damages or $500 for each violation of the statute.  47 U.S.C. § 227(b)(3)(B).

9.     Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit.  *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

10.     "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph."  47 U.S.C. § 227(b)(3)(C).

## PARTIES

11.     Plaintiff is a natural person who at all relevant times resided in the State of California, County of San Joaquin, and City of Stockton.

12.     Defendant is a national banking and finance company that, among other activities, places phone calls to individuals in effort to collect or service accounts.

**FACTUAL ALLEGATIONS**

13.    Plaintiff subscribes to a cellular telephone service and has been assigned a wireless number, ending 4828, in connection with such subscription.

14.    Defendant has never had Plaintiff's prior express consent to place calls to her wireless number.

15.    Likewise, Plaintiff did not give Defendant prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system, or an artificial or prerecorded voice.

16.    However, prior to January 2019, Defendant began placing calls to Plaintiff's wireless number.

17.    But Plaintiff is not, nor was she, one of Defendant's customers.

18.    Plaintiff does not, nor did she, have any business relationship with Defendant.

19.    Plaintiff did not provide her cellular telephone number to Defendant.

20.    Rather, Defendant placed its calls to Plaintiff's cellular telephone number in an effort to reach a third party, not related to Plaintiff in any personal or professional manner.

21.    Plaintiff does not know the third party that Defendant attempted to reach by placing calls to her cellular telephone number.

22.     Defendant placed multiple calls to Plaintiff's wireless number, including, but not limited to, the following dates and times:

1)  January 24, 2019 at 3:08 P.M.;
2)  January 31, 2019 at 1:15 P.M.;
3)  February 26, 2019 at 4:20 P.M.;
4)  March 6, 2019 at 4:33 P.M.;
5)  March 26, 2019 at 4:44 P.M.;
6)  June 26, 2019 at 7:17 P.M.;
7)  July 24, 2019, at 3:53 P.M.;
8)  August 28, 2019 at 4:11 P.M.;
9)  September 26, 2019 at 6:58 P.M.;
10) October 2, 2019 at 2:21 P.M.;
11) October 24, 2019 at 2:59 P.M.;
12) October 31, 2019 at 3:28 P.M.;
13) November 26, 2019 at 6:10 P.M.;
14) January 22, 2020 at 5:44 P.M.;
15) January 23, 2020 at 2:11 P.M.;
16) January 30, 2020 at 4:13 P.M.;
17) January 30, 2020 at 5:34 P.M.; and
18) February 26, 2020 at 2:24 P.M.

23.     On many instances, Defendant delivered a voicemail message to Plaintiff's wireless number using an artificial or prerecorded voice.

24.     On some occasions where Plaintiff would answer Defendant's call, Plaintiff would say hello and experience a noticeable silence and pause before a live agent or employee of Defendant would come on the line.

25.     Upon information and belief, the telephone calls identified above were placed to Plaintiff's wireless number using an automatic telephone dialing system, and/or an artificial or prerecorded voice.

26.     On at least one occasion, Plaintiff answered, advised Defendant the she was not the person that Defendant was attempting to reach, and requested Defendant stop calling.

27.     Defendant did not place any calls to Plaintiff's wireless number for emergency purposes.

28.     Defendant did not have Plaintiff's prior express consent to make any calls to Plaintiff's wireless number.

29.     Upon information and belief, Defendant voluntarily placed the calls identified above to Plaintiff's wireless number.

30.     Upon information and belief, Defendant placed all calls to Plaintiff's wireless number under its own free will.

31.     Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system, and/or an artificial or prerecorded voice to place each of the calls identified above.

32.     Upon information and belief, Defendant intended to use an automatic telephone dialing system, and/or an artificial or prerecorded voice to place each of the calls identified above.

33.     Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's wireless number, which may reveal the existence of additional violations beyond those pleaded above.

## CLASS ALLEGATIONS

34.     Plaintiff repeats and re-alleges all factual allegations above.

35.     Upon information and belief, Defendant routinely dials the cellular telephone lines of individuals using an "automatic telephone dialing system and/or an artificial or prerecorded voice while attempting to collect alleged debts or service accounts, in the same manner as Defendant did with Plaintiff above.

36.     Plaintiff brings this action on behalf of herself and all others similarly situated.  Specifically, Plaintiff seeks to represent the following class of individuals:

> All persons and entities throughout the United States (1) to whom Travis Credit Union placed, or caused to be placed, at least one call, (2) directed to a number assigned to a cellular telephone service, by (3) by using an automatic telephone dialing system, or an artificial or prerecorded voice, (4) from June 25, 2016 through the date of class certification, (5) where the called party did not have an account with Travis Credit Union.

37.     The proposed class specifically excludes the United States of America, the State of California, counsel for the parties, the presiding United States District Court Judge, the Judges of the United States Court of Appeals for the Ninth Circuit, and the Justices of the United States Supreme Court, all officers and agents of Defendant, and all persons related to within the third degree of consanguinity or affection to any of the foregoing persons.

38.     The class is so numerous that joinder of members is impracticable.

39.     The exact number of class members is unknown to Plaintiff at this time and can be ascertained only through appropriate discovery.

40.     The class is ascertainable in that the names and addresses of all class members can be identified in business records maintained by Defendant.

41.     There exists a well-defined community of interest in the questions of law and fact involved that affect the parties to be represented. These common questions of law and fact predominate over questions that may affect individual class members. Such issues include, but are not limited to: (a) the existence of Defendant's identical conduct particular to the matters at issue; (b) Defendant's violations of the TCPA; (c) the availability of statutory penalties; and (d) attorney's fees and costs.

42.     The claims of Plaintiff are typical of the claims of the class she seeks to represent.

43.     The claims of Plaintiff and of the class originate from the same conduct, practice, and procedure on the part of Defendant. Thus, if brought and prosecuted individually, the claims of each class member would require proof of the same material and substantive facts.

44.     Plaintiff possesses the same interests and has suffered the same injuries as each class member. Plaintiff asserts identical claims and seeks identical relief on behalf of the unnamed class members.

45.     Plaintiff will fairly and adequately protect the interests of the class and has no interest adverse to or which directly and irrevocably conflicts with the interests of other class members.

46.     Plaintiff is willing and prepared to serve this Court and the proposed class.

47.     The interests of Plaintiff are co-extensive with and not antagonistic to those of the absent class members.

48.     Plaintiff has retained the services of counsel who are experienced in consumer protection claims, as well as complex class action litigation, will adequately prosecute this action, and will assert, protect and otherwise represent Plaintiff and all absent class members.

49.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(1)(A) and 23(b)(1)(B). The prosecution of separate actions by individual members of the class would, as a practical matter, be dispositive of the interests of other members of the class who are not parties to the action or could substantially impair or impede their ability to protect their interests.

50.     The prosecution of separate actions by individual members of the class would create a risk of inconsistent or varying adjudications with respect to individual members of the class, which would establish incompatible standards of conduct for the parties opposing the class. Such incompatible standards of conduct and varying adjudications, on what would necessarily be the same essential facts, proof and legal theories, would also create and allow the existence of inconsistent and incompatible rights within the class.

51.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(2) in that Defendant has acted or refused to act on grounds generally applicable to the class, making final declaratory or injunctive relief appropriate.

52.     Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) in that the questions of law and fact that are common to members of the class predominate over any questions affecting only individual members.

First Amended Class Action Complaint - 9

53. Moreover, a class action is superior to other methods for the fair and efficient adjudication of the controversies raised in this Complaint in that: (a) individual claims by the class members will be impracticable as the costs of pursuit would far exceed what any one plaintiff or class member has at stake; (b) as a result, very little litigation has been commenced over the controversies alleged in this Complaint and individual members are unlikely to have an interest in prosecuting and controlling separate individual actions; and (c) the concentration of litigation of these claims in one forum will achieve efficiency and promote judicial economy.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

54. Plaintiff repeats and re-alleges each factual allegation above.

55. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's and the proposed class's wireless numbers using an automatic telephone dialing system without prior express consent.

56. Defendant separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's and the proposed class's wireless numbers using an artificial or prerecorded voice without prior express consent.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)    Determining that this action is a proper class action, certifying Plaintiff as a class representative under Rule 23 of the Federal Rules of Civil Procedure, and designating this Complaint the operable complaint for class purposes;

b)      Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) with respect to Plaintiff and the class she seeks to represent;

c)      Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d)      Awarding Plaintiff and the class she seeks to represent statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e)      Awarding Plaintiff and the class she seeks to represent actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f)      Awarding Plaintiff and the class she seeks to represent treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g)      Awarding Plaintiff and the class she seeks to represent reasonable attorneys' fees and costs incurred in this action pursuant to Rule 23;

h)      Awarding Plaintiff and the class she seeks to represent pre-judgment and post-judgment interest as permissible by law; and

i)      Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

57.     Plaintiff is entitled to and hereby demands a trial by jury.

Dated: January 15, 2021

Respectfully submitted,

First Amended Class Action Complaint - 11

/s/ Russell S. Thompson, IV
Russell S. Thompson, IV (Cal. Bar No. 325944)
Thompson Consumer Law Group
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (602) 388-8898
Facsimile: (866) 317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on January 15, 2021, I filed Plaintiff's Response to Defendant's Motion via ECF which will serve all parties of record.

s/ Russell S. Thompson, IV
Russell S. Thompson, IV