UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

| | |
|---|---|
| SHAWNTEL STOUTT,<br><br>       Plaintiff,<br><br>   v.<br><br>TRAVIS CREDIT UNION,<br><br>       Defendant. | No. 2:20-cv-01280 WBS AC<br><br>ORDER GRANTING DEFENDANT'S MOTION TO CERTIFY FOR INTERLOCUTORY APPEAL PURSUANT TO 28 U.S.C. § 1292(b) |

----oo0oo----

In this putative class action, plaintiff Shawntel Stoutt claims that defendant Travis Credit Union violated § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act of 1991 ("TCPA"), which prohibits the use of an automatic telephone dialing system ("ATDS") to call cell phones. See 47 U.S.C. § 227(b)(1)(A)(iii). Plaintiff alleges that defendant used an ATDS to call her cell phone number at least 18 times between January 24, 2019, and February 26, 2020. (See Compl. ¶¶ 20-32 (Docket No. 1).)

1

On October 26, 2020, defendant filed a motion for judgment on the pleadings arguing that, in light of the Supreme Court's recent decision <u>Barr v. American Association of Political Consultants, Inc.</u>, 140 S. Ct. 2335 (2020) ("AAPC"), this court lacked subject matter jurisdiction over plaintiff's TCPA claim. (Docket No. 12.)  This court denied defendant's motion on January 12, 2021, concluding that because the Supreme court in <u>AAPC</u> had expressly severed the government debt exception from the remainder of the statute, "holding the entire robocall ban to be ineffective as to calls made between 2015 and 2020 would improperly construe <u>AAPC</u> as having invalidated the entirety of § 227(b)(1)(A)(iii), rather than just the government-debt exception, and thus would undermine the Court's central purpose in severing the statute."  (Docket No. 20 at 9.)  Accordingly, the court concluded that it has subject matter jurisdiction over plaintiffs' TCPA claim.  (<u>Id.</u>)

Defendant now moves to certify the court's denial of its motion for judgment on the pleadings for interlocutory appeal pursuant to 28 U.S.C. § 1292(b).  (Docket No. 23.)

I.  <u>Analysis</u>

A district court may certify an order that is not otherwise appealable when the order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) where immediate appeal may materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b).

All three factors are met in this case.  First, a case presents a controlling question of law if the appellant's success

on appeal would result in dismissal of the case.  See Omni MedSci, Inc. v. Apple Inc., No. 19-CV-05924, 2020 WL 759514, at *1 (N.D. Cal. Feb. 14, 2020) ("Standing and subject-matter jurisdiction are controlling issues of law.").  If the Court of Appeals were to adopt defendant's position regarding the impact of AAPC on the validity of the TCPA's robocall ban during the time period encompassed by plaintiff's claim, it would mandate dismissal of the entire action for lack of subject matter jurisdiction.  This case therefore presents a controlling question of law.  See id.

Second, a substantial ground for difference of opinion exists "where '. . . novel and difficult questions of first impression are presented.'"  Reese v. BP Expl. (Alaska) Inc., 643 F.3d 681, 688 (9th Cir. 2011) (quoting Couch v. Telescope Inc., 611 F.3d 629, 633 (9th Cir. 2010)).  District courts across the country have split on the question of whether, in light of AAPC, the TCPA remains enforceable as to claims arising out of allegations of calls to cell phones placed between November 2015 and July 6, 2020.  Compare Creasy v. Charter Commc'ns, Inc., Civil Action No. 20-1199, 2020 WL 5761117, at *6 (E.D. La. Sep. 28, 2020) with Trujillo v. Free Energy Sav. Co., LLC, No. 5:19-cv-0272-MCS-SP, 2020 U.S. Dist. LEXIS 239730 (C.D. Cal. Dec. 21, 2020).  Because this issue concerns the proper interpretation of a Supreme Court opinion that was recently issued, and no Court of Appeals has decided the issue one way or the other, a substantial ground for difference of opinion exists.  Reese, 643 F.3d at 688.

Third, "[a] party seeking interlocutory certification must show that an immediate appeal may 'materially advance,'

3

1  rather than impede or delay, ultimate termination of the
2  litigation." Brecher v. Citigroup Glob. Mkts., Inc., No. 3:09-
3  cv-1344 AJB (MDD), 2012 U.S. Dist. LEXIS 198263, at *13 (S.D.
4  Cal. Mar. 6, 2012).  "Courts apply pragmatic considerations to
5  determine whether certifying non-final orders will materially
6  advance the ultimate termination of the litigation." United
7  States ex rel. Ling v. City of L.A., No. CV 11-974 PSG (JCx),
8  2019 U.S. Dist. LEXIS 221966, at *12 (C.D. Cal. Oct. 2, 2019)
9  (internal citation omitted).
10         Defendant argues that certifying the case for appeal
11 would materially advance the ultimate termination of the
12 litigation because an appeal would avoid expenditure of
13 significant time and resources if the Ninth Circuit ultimately
14 determines that federal jurisdiction does not exist.  See United
15 Food Grp., LLC v. Cargill, Inc., No. CV 11-7752, 2015 WL
16 13868985, at *3 (C.D. Cal. July 27, 2015).  Defendant also points
17 out that guidance from the Ninth Circuit on this issue would aid
18 other courts and litigants in the large number of TCPA cases that
19 are currently pending.  (See Docket No. 23.)
20         Plaintiff counters that an interlocutory appeal would
21 delay discovery, class certification, and trial because of the
22 stay that would accompany such an order.  Specifically, plaintiff
23 warns that she would be particularly prejudiced by a stay of
24 discovery because many telecommunications companies do not keep
25 records of telephone activity longer than four years, and thus a
26 stay would decrease the chances that she could successfully
27 recover telephone records that would form the proof of violative
28 calls at issue in this case.

1         The court agrees with defendant that certifying its
2    prior order for interlocutory appeal would materially advance the
3    ultimate termination of the litigation by potentially avoiding
4    the expenditure of time and resources on a matter that the court
5    may not have the power to decide.  The court will therefore grant
6    defendant's motion to certify an interlocutory appeal.
7         However, authorization of an interlocutory appeal does
8    not necessarily require a stay all proceedings in this court.
9    See 28 U.S.C. § 1292(b) ("[an] application for an appeal
10   hereunder shall not stay proceedings in the district court unless
11   the district judge or the Court of Appeals or a judge thereof
12   shall so order").  Here, to account for plaintiff's concern that
13   evidence may be destroyed or lost while this matter is pending in
14   the Court of Appeals, this court will permit discovery to
15   continue for the limited purpose of preserving telecommunications
16   records necessary to prove the elements of plaintiff's claim as
17   set out in her operative complaint (Docket No. 21).
18        Plaintiff shall have the burden of requesting such
19   limited discovery.  If there is any dispute as to whether
20   specific discovery requests fall within the limited exception of
21   preserving records necessary to prove plaintiff's case, such
22   disputes shall be resolved by the assigned magistrate judge.
23        IT IS THEREFORE ORDERED that defendant's motion to
24   certify the court's prior order denying its motion for judgment
25   on the pleadings for interlocutory appeal (Docket No. 23) be, and
26   the same hereby is, GRANTED.  All proceedings in this matter are
27   hereby STAYED, subject to the limited discovery exception
28   described above.

Dated:  March 24, 2021

WILLIAM B. SHUBB
UNITED STATES DISTRICT JUDGE